UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD KEITH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00799-JMS-DKL |
| | ) | |
| BRUCE  LEMMON IDOC Commissioner, | ) | |
| D.  ZATECKY IRT Superintendent, | ) | |
| G.  SPEARS, A.  COLE, | ) | |
| NELSON MR., COOPERRIDER Sergeant, | ) | |
| HURT Sergeant, CONNORS Sergeant, | ) | |
| J.  MATHEWS, SCAIFE Mr., | ) | |
| BOND Mr., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Development of Action**

**I. Background**

As explained in the Entry of August 12, 2015, the plaintiff has raised many different claims against many different defendants. The Court discerned that the most saliently presented claim in this action is against Sgt. Hurt for allegedly using excessive force against the plaintiff while he was handcuffed on February 12, 2015, causing injuries. This claim is cognizable and survives the screening requirement of 28 U.S.C. § 1915A. In addition, it is a stand-alone claim which cannot be understood to overlap with any other claims. This claim is proceeding in this action and the Court is in the process of assisting the plaintiff with effecting service on Defendant Sgt. Hurt.

The plaintiff was notified that the other claims included in the complaint cannot proceed at this time for the following reasons. First, the remaining claims are misjoined. Second, some of the claims could not survive screening without supplementation. For example, many of the claims list

1

legal conclusions but lack the factual allegations necessary to suggest a plausible violation of any federally secured right. Third, many of the allegations fail to state a claim upon which relief could be granted. The plaintiff was instructed that the misjoined claims would either be severed into new actions or dismissed without prejudice. The plaintiff was given the opportunity to determine which course was followed by notifying the Court which claims and defendants he wants severed so they may proceed in a new action. The plaintiff was notified that if the claims were not severed they would be considered abandoned and dismissed without prejudice.

## II. Plaintiff's Response

In response to the Entry of August 12, 2015, the plaintiff states that he wants all of his claims against all of the defendants to proceed. He states that he is subjected to cruel and unusual punishment through the defendants' deliberate indifference to his anxiety disorder, PTSD and epilepsy. He writes:

> The above titled Cause of Action under 1983 was done so with the intent of the totality of all circumstances having a mutually enforcing effect on the Plaintiff that produces the deprivation of a single, identifiabe human need, i.e.: to live without cruel and unusual punishment as a disabled prisoner while housed in a mental health program.

In other words, the plaintiff is arguing that contrary to this Court's prior ruling, his six claims against eleven defendants are properly joined. But, Rule 20(a) of the Federal Rules of Civil Procedure states "[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of

2

law or fact common to all defendants will arise in the action." The excessive-force claim alleged against Sgt. Hurt is unique from the claims alleged against the other defendants. The fact that these claims may all arise under the Eighth Amendment is irrelevant. Because there is no allegation upon which to conclude that any of the other defendants were involved in Sgt. Hurt's use of excessive force or that a question of fact is "common to all defendants" the claim against Sgt. Hurt is properly severed. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In addition, Hurt's claim that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is incorrect. "Only persons who cause or participate in the violations are responsible." *Id.* at 609-10 (citing *Greeno v. Daley*, 414 F.3d 645, 656–57 (7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851–52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir. 1996)).

### III.  Further Proceedings

### A. Opportunity to File Amended Complaint

The plaintiff states that all the defendants are responsible for his conditions of confinement and "[i]f this Court wishes not to hold them accountable as such then the plaintiff request a leave to amend his complaint. . . ."  The request to file an amended complaint is **granted** to the extent that the plaintiff shall have **through September 16, 2015,** in which to file a second amended complaint which will be severed into a new action. This action shall proceed against Sgt. Hurt, unless the plaintiff files a motion to voluntarily dismiss that claim against Sgt. Hurt prior to the filing of the amended complaint.

### B.  Request for Copies

The plaintiff is correct that he will not receive a Notice of Electronic Filing ("NEF") unless he signs a consent. The NEF is **not** automatically generated by the CM/ECF system for delivery

to the plaintiff's correctional facility until the consent is filed. It is his consent that triggers this event. If the plaintiff wants to receive NEFs he should file his consent. If the plaintiff continues to refuse to participate in the e-file program for the purposes of receiving Court orders, the Court will periodically (on request) mail the plaintiff a copy of the docket sheet. If the plaintiff wants a copy of what is filed, his best option is to obtain a copy of his filing before it is submitted to the law library to be scanned.

The plaintiff's motion for a copy of the docket sheet [dkt. 16] is **granted.** The **clerk is directed** to include a copy of the docket sheet and amended complaint [dkt. 5] along with the plaintiff's copy of this Entry.

**IT IS SO ORDERED.**

Date: ____09/01/2015____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
926081
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064