UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD KEITH JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 1:15-cv-00799-JMS-DKL |
| ) | |
| BRUCE  LEMMON IDOC Commissioner, ) | |
| D.  ZATECKY IRT Superintendent, ) | |
| G.  SPEARS, A.  COLE, ) | |
| NELSON MR., COOPERRIDER Sergeant, ) | |
| HURT Sergeant, CONNORS Sergeant, ) | |
| J.  MATHEWS, SCAIFE Mr., ) | |
| BOND Mr., ) | |
| ) | |
| Defendants. ) | |

**Order Severing Misjoined Claims and
Directing the Opening of Two New Civil Actions**

**I.**

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that A[u]nrelated claims against different defendants belong in different suits.@ Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. The complaint of Richard Keith Johnson violates the misjoinder of claims limitation of Rule 20(a) of the *Federal Rules of Civil Procedure.* The violation here consists of the diversity of claims against the multitude of defendants. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)("Misjoinder [under Rule 21] . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.").

1

In such a situation, A[t]he court may . . . sever any claim against a party.@ FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That is the remedy which will be applied to the complaint.

The plaintiff was given the opportunity to notify the Court which claims and defendants he wants severed so they may proceed in a new action. The plaintiff was notified that if the claims were not severed they would be considered abandoned and dismissed without prejudice. In response, the plaintiff states that two separate actions shall be severed from this action consistent with the following:

1. Defendants Scaife, Bond and Mathews will be held liable for violating the Plaintiff's First Amendment right to exercise his freedom of speech by denying him his grievance process and deliberate indifference to his mental illness as a result of this denial.

2. Lemmon, Connors, Cooperrider, Zatecky, Cole and Spears will be held liable for their roles in relation of deliberate indifference to the Plaintiff's mental and physical disabilities i.e. epilepsy, general anxiety disorder and PTSD. I will not be pursuing any claims against Keith Nelson at this time.

## II.

Consistent with the foregoing, the claims against defendants Scaife, Bond and Matthews and Lemmon, Connors, Cooperrider, Zatecky, Cole and Spears are **severed from the original complaint.** Defendant Keith Nelson is **dismissed.** The only remaining defendant in this action is Sgt. Hurt.

## III.

To effectuate the ruling in Part II of this Entry, two new civil actions from the Indianapolis Division shall be opened, consistent with the following:

a. Richard Keith Johnson shall be the plaintiff in each of the newly opened actions.

b. The Nature of Suit in each of the newly opened actions shall be 555.

c. The Cause of Action of each of the newly opened actions shall be 42:1983pr.

d. The amended complaint in this action [dkt. 5] shall be filed and re-docketed as the complaint in each of the newly opened actions. Johnson's request to proceed in forma pauperis shall likewise be filed and re-docketed in each of the newly opened actions.

e. A copy of this Entry and Johnson's Response [dkt. 21] shall be docketed in the newly opened action.

f. This action and each of the newly-opened actions shall be shown with this action and with each other as linked actions.

g. The defendants in the first of the newly opened actions shall be Scaife, Bond and Matthews.

h. The defendants in the second of the newly opened actions shall be Lemmon, Connors, Cooperrider, Zatecky, Cole and Spears.

i. The assignment of judicial officers shall be by random draw.

**IV.**

Consistent with the determination and rulings made in Part III of this Entry, all claims against all defendants expect Sgt. Hurt are dismissed without prejudice and terminated in this action, 1:15-cv-799-JMS-DKL.

After the new actions are opened, the claims raised in those actions shall be screened as required by 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

Date:   September 15, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
926081
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064